## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| 1912 Chestnut Partners, LP, | : | |
| 110 S. 19th Street Suite 300 | : | |
| Philadelphia, PA 19103 | : | |
| | : | |
|      Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No._____ |
| The Gap, Inc. | : | |
| 2 Folsom Street | : | |
| San Francisco, CA 94105 | : | |
| | : | |
|      Defendant. | : | |

### CIVIL ACTION COMPLAINT

AND NOW, comes the Plaintiff, 1912 Chestnut Partners, LP, by and through its

attorneys, Freundlich & Littman, LLC, and files the within Civil Action Complaint against

Defendant The Gap, Inc., and in support thereof, avers as follows:

### NATURE OF THE ACTION

1.  This action seeks monetary damages as a result of Defendant The Gap, Inc.'s failure to

    comply with the terms and conditions of a retail lease for certain prime real estate in

    Center City, Philadelphia, including, but not limited to, failure to pay the fixed and

    agreed upon monthly rent and other charges due under the terms and conditions of the

    Lease (defined, referenced, and attached hereto below).

2.  Plaintiff 1912 Chestnut Partners, LP is the owner and landlord of the building and real

    property located at 1912-18 Chestnut Street, Philadelphia, PA 19102 (hereinafter

    "Plaintiff's Property).

3.  On or about May 10, 2007, Plaintiff 1912 Chestnut Partners, LP and Defendant The Gap,

    Inc. entered into a Commercial Lease Agreement (hereinafter "Lease") for Plaintiff's

1

Property. Thereafter, and most recently on May 10, 2016, Defendant The Gap Inc. extended the terms of the Lease by giving written notice to Plaintiff 1912 Chestnut Partners, LP through October 31, 2022. (A true and correct copy of the Lease, Notice Extending through October 31, 2022, and all Amendments to the Lease are attached hereto collectively as **Exhibit "A"**).

4. Defendant The Gap, Inc. leased 8,524 square feet of Plaintiff's Property to be used as a commercial retail space including 80'92" linear feet of storefront. (See **Exhibit "A"**, Article 1.2).

5. Defendant The Gap, Inc. breached the terms and conditions of the Lease by failing to pay the minimum rent and other charges due under the Lease, which as of the date of this filing, totals $140,538.37. (A true and correct copy of the Commercial Ledger for Defendant The Gap, Inc. dated June 4, 2020 is attached hereto as **Exhibit "B"**).[1]

**PARTIES**

6. Plaintiff 1912 Chestnut Partners, LP (hereinafter "Plaintiff") is a corporate entity organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 110 S. 19th Street, Suite 300, Philadelphia, PA 19103.

7. Defendant The Gap, Inc. (hereinafter "Defendant") is, based on information and belief, a corporation organized and existing under the laws of the State of Delaware, with a registered place of business located at 2 Folsom Street, San Francisco, CA 94105.

---

[1] This amount is subject to increase with each month that Defendant The Gap, Inc. fails to meet its obligations under the terms and conditions of the Lease with respect to monthly rental payments and other minimum payments due.

## JURISDICTION AND VENUE

8. Plaintiff hereby incorporates the preceding paragraphs by reference as though fully set forth at length herein.

9. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §1332(a) in that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and the matter is between citizens of different States.

10. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(a) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and/or that the Plaintiff's Property, which is the subject of the Lease is situated in this judicial district.

## FACTS AND RELECANT LEASE PROVISIONS

11. Plaintiff hereby incorporates the preceding paragraphs by reference as though fully set forth at length herein.

12. As stated above, on or about May 10, 2007, Plaintiff and Defendant entered into a Lease for Plaintiff's Property whereby Defendant would operate a commercial retail space open to the public.  (See **Exhibit "A"**).

13. Pursuant to the terms of the Lease, Plaintiff completed significant renovations to the Plaintiff's Property specific to Defendant's use, at great expense to Plaintiff.

14. In consideration for possession and use of the Plaintiff's Property, Defendant covenanted and agreed to pay certain rent and additional rent to the Plaintiff on the first day of each month, in the amounts specified in the Lease and amendments thereto.  (See **Exhibit "A"**).

3

15. Pursuant to the terms of the Lease, Defendant had an absolute and unconditional obligation to pay to Plaintiff the rent due and owing thereunder, without any offset, abatement, or deduction whatsoever.

16. Article 7.2 of the Lease states that Defendant shall pay the Minimum Rent (as defined therein) in "equal monthly installments in advance of the first day of each calendar month during the Term."  (See **Exhibit "A"**, Article 7.2).

17. Article 9.1 of the Lease states that "[a]ll payments and charges, if any, to be made hereunder by [Defendant] other than Minimum Rent and Percentage Rent shall be deemed to be "Other Charges".  (See **Exhibit "A"**, Article 9.1).

18. Article 9.1 further states that "[Plaintiff] shall have the same rights and remedies hereunder with respect to the collection of Other Charges as it has with respect to the collection of Minimum Rent and Percentage Rent."  (See **Exhibit "A"**, Article 9.1).

19. Pursuant to the terms of the Lease, there is no excuse for Defendant's failure and refusal to pay, including but not limited to any claim for Force Majeure.  (See **Exhibit "A"**, Article 28.4).

20. Article 28.4 specifically states that "Force Majeure shall not excuse prompt and timely payments when due under this Lease…."  (See **Exhibit "A"**, Article 28.4).

21. Article 23.1 states that an Event of Default (as defined therein) occurs when "[Defendant] fail[s] to pay Rent due under the Lease within ten (10) days after [Defendant's] receipt of written notice from [Plaintiff] that the same is overdue."  (See **Exhibit "A"**, Article 23.1).

22. Pursuant to the Lease Amendment dated August 13, 2011, notice of an event of Default from Plaintiff to Defendant is required to be sent to "The Gap, Inc. 2 Folsom Street, San

Francisco, CA 94105, Attn: Real Estate Law, Store #2039, and Plaintiff has sent the required notice.  (See **Exhibit "A"**).

23. Article 28.13 of the Lease states, "If either party commences litigation against the other arising out of or in connection with this Lease, the prevailing party in such litigation shall be entitled to its costs of suit and reasonable attorneys' fees as may be awarded by the Court."  (See **Exhibit "A"**, Article 28.13).

## TENANT'S BREACH AND NOTICE

24. Defendant breached the terms and conditions of the Lease by failing to pay the minimum rent and other charges due under the Lease, which as of the date of this filing, total $140,538.37.  (See **Exhibit "B"**).

25. Defendant's failure to pay encompasses failure to pay portions of February 2020, March 2020, and failure to pay whatsoever for April 2020, May 2020, and June 2020.[2] (See **Exhibit "B"**).

26. By notice of default dated April 6, 2020, Plaintiff notified Defendant of its default under the Lease and demanded that Defendant cure the default within ten (10) days as required by the Lease.  (A true and correct copy of Plaintiff's April 6, 2020 letter is attached hereto as **Exhibit "C"**).

27. Plaintiff's April 6, 2020 letter was sent to The Gap, Inc. 2 Folsom Street, San Francisco, CA 94105, Attn: Real Estate Law, Store #2039 as required by the Lease.  (See **Exhibit "C"**).

28. Defendant failed and refused and continues to fail and refuse to pay any of the past due amounts and cure the default under the Lease.

---

[2] This amount is subject to increase with each month that Defendant fails to meet its obligations under the terms and conditions of the Lease with respect to monthly rental payments and other minimum payments due.

29. By reason of the foregoing, $140,538.37 is presently due and owing to Plaintiff from Defendant.

## COUNT I: BREACH OF CONTRACT
### Plaintiff v. Defendant

30. Plaintiff hereby incorporates the preceding paragraphs by reference as though fully set forth at length herein.

31. The Lease is a valid, binding contract between Plaintiff and Defendant. (See **Exhibit "A"**)

32. Plaintiff fully complied with all terms, conditions, and obligations under the Lease and has performed any and all conditions precedent on its part to be performed as required by the Lease.

33. Defendant has failed to comply with the terms and conditions of the Lease.

34. Specifically, in breach of Defendant's obligations under the Lease, Defendant has defaulted under the Lease by failing to pay to Plaintiff rent and other charges in the amount of $140,538.37, which comprises individual charges in the amount stated on the attached Commercial Ledger.  (See **Exhibit "B"**).

35. As stated above in Footnotes 1 and 2, incorporated herein by reference, said amount due on the Commercial Ledger is subject to increase.

36. By reason of the foregoing, Defendant is liable to the Plaintiff for money damages in the amount of at least $140,538.37, through the date hereof, together with interest thereon.

37. Plaintiff reserves the right to obtain a money judgment for all rent due and owing under the Lease through and including the date of Judgment and/or through the Term of the Lease.

## COUNT II: ATTORNEY'S FEES
**Plaintiff v. Defendant**

38. Plaintiff hereby incorporates the preceding paragraphs by reference as though fully set forth at length herein.

39. The Lease is a valid, binding contract between Plaintiff and Defendant. (See **Exhibit "A"**)

40. Article 28.13 of the Lease states, "If either party commences litigation against the other arising out of or in connection with this Lease, the prevailing party in such litigation shall be entitled to its costs of suit and reasonable attorneys' fees as may be awarded by the Court."  (See **Exhibit "A"**, Article 28.13).

41. Plaintiff has commenced this action against Defendant in order to enforce its rights and remedies under the Lease, including, but not limited to, the right to receive and recover all rent and Other Charges due and owing thereunder.

42. Plaintiff has incurred, and will continue to incur, expenses in the form of, inter alia, attorneys' fees and expenses as a result of Defendant's default of its payment obligations pursuant to the Lease, the precise sum of which will be determined at trial or earlier conclusion of this action.

43. By reason of the foregoing, Defendant is liable for Plaintiff's expenses and legal fees under the terms of the Lease.

44. Accordingly, Plaintiff is entitled to judgment against Defendant for attorneys' fees and costs incurred in prosecuting this action, in an amount to be determined at trial or earlier conclusion of this action.

7

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court grant Judgment in its favor and against Defendant as follows:

a) On the First Cause of Action, an award of damages in an amount to be determined at trial, but in no event less than $140,538.37, plus interest and costs thereon;

b) On the Second Cause of Action, an award of attorneys' fees, costs, and expenses incurred in connection with Defendant's default and this action in an amount to be determined at trial; and

c) Such other and further relief as the Court deems just and proper.

Dated: June 8, 2020

FREUNDLICH & LITTMAN, LLC

BY: _____
David S. Jaffe, Esquire
1425 Walnut Street
Suite 200
Philadelphia, PA 19102
215-545-8500
215-545-8510